```
                 IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF TEXAS
                          FORT WORTH DIVISION

ROSS THOMAS BRANTLEY III,      §
(Tarrant CID # 0653759)        §
        Petitioner,            §
                               §
v.                             §   Civil Action No. 4:18-CV-962-Y
                               §
BILL WAYBOURN, Sheriff,        §
Tarrant County, Texas,         §
                               §
        Respondent.            §
```

**OPINION AND ORDER**

Before the Court is a Petition for a Writ of Habeas Corpus under U.S.C. § 2241 filed by petitioner Ross Thomas Brantley III, ("Brantley"), a pre-trial detainee in the Tarrant County jail. (Pet.(doc. 1.)) The Court has received a response from Bill Waybourn, sheriff, Tarrant County, Texas, and a reply from Brantley.(Resp.(doc. 8);(Objection/Rebuttal (doc. 10).) After considering the pleadings and relief sought by Petitioner, the response with exhibits thereto, the reply, and the applicable law, the Court concludes that the § 2241 petition must be **DENIED.**

**I.  BACKGROUND**

In this § 2241 petition, Brantley challenges his pre-trial confinement in the Tarrant County Jail.(Pet.(doc. 1.)) Brantley is detained under an indictment for aggravated sexual assault of a child filed in July, 2016, in case number 1456461D in Criminal District Count Number One, Tarrant County, Texas. (Resp. (doc. 8)

at 2, Exhibit A.) Booking records show that Brantley was booked into the jail in July 2017 on a detainer issued to him while he was housed in TDCJ, and was then awaiting trial set for May 13, 2019. (Resp. (doc. 8) at 2-3, Exhibits C, G.) TDCJ on-line records show Brantley was serving other sentences before the detainer. See https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.sid=06376484. Court staff contact with the Tarrant County District Clerk on May 29, 2019 revealed that case number 1456461D is still shown as pending.

**II. CLAIMS**

Brantley raises the following grounds for relief:
(1) his right to a speedy trial has been violated;
(2) his rights under the Interstate Agreement on Detainers Act (IAD) has been violated because the State did not proceed to trial within 180 days of his confinement in the Tarrant County jail;
(3) his First Amendment rights have been violated because he has not been allowed to address the court;
(4) he has been denied the right to confront his accuser; and
(5) his rights to due process and equal protection of law were violated because he was not able to "confront" the grand jury before the gand jury issued his indictment. (Pet. (doc. 1) at 3-4.)

**III. ANALYSIS**

Waybourn filed a comprehensive response to Brantley's § 2241 petition. Waybourn's response and supporting exhibits explain in

2

detail that: (1) Brantley's pro-se speedy-trial motion was not considered since he is represented by counsel and is not entitled to hybrid representation; (2) Brantley's IAD-based challenge is without foundation since he was in a Texas prison when the detainer was issued on him; (3) his Confrontation Clause claim is premature as the Sixth Amendment right of confrontation is a trial and not a pre-trial right; (4) his First Amendment claim that he has been denied access to personally address the court is without foundation since he is represented by counsel; and (5) he does not have a constitutional right to confront or have notice of the actions of the grand jury. (Resp.(doc. 8) at 3-6.) For all of these reasons enunciated in Waybourn's response, the Court concludes that Brantley's petition under § 2241 must be denied.

**IV.  PENDING MOTION**

Brantley has also filed a document entitled a "Motion for Leave to File a Prohibitory Injunction." (Mot. (doc.6).) By the document, Brantley seeks to have the Court issue an order issuing an injunction to the Criminal District Court Number One, Tarrant County, Texas on the claims underlying his § 2241 petition. As the Court has rejected his claims for relief, the motion for a prohibitory injunction must also be denied.

**V. ORDER**

For the reasons discussed herein, Brantley's motion for leave to file a prohibitory injunction (doc. 6) is **DENIED,** and Brantley's petition for relief under 28 U.S.C. § 2241 is **DENIED.**

SIGNED June 4, 2019.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE